IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D

AUG 2 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| | |
|---|---|
| LAWRENCE S. BRODSKY,<br>**Individually and as the representative of**<br>**a class of similarly-situated persons** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| HUMANA, INC., | )<br>) |
| Defendant. | ) |

No.:   08 C 50 1 88

Reinhard

## NOTICE OF REMOVAL

Defendant HUMANA, INC. ("Humana"), by its attorneys, William A. Chittenden III, Vittorio F. Terrizzi, and Chittenden, Murday & Novotny LLC, in accordance with 28 U.S.C. §1446, submits this Notice of Removal for removal of this action from the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1441(b). In support of its Notice of Removal, Defendant Humana states as follows:

1.    This civil action was filed on or about July 23, 2008, in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, as Cause No. 08 LA 289.

2.    The Summons and Complaint were first served on Defendant Humana's agent for service of process, Corporation Service Company, on July 28, 2008.

3.    This Notice of Removal is being filed within thirty (30) days after the date that Defendant Humana was first served with the Summons and Complaint setting forth Plaintiff's claims for relief.

4.    The action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 and Defendant Humana is entitled to remove to this Court pursuant to 28 U.S.C.

§1441(b) in that Plaintiff brings claims against Defendant Humana pursuant to the Telephone Consumer Protection Act, 47 USC § 227, for fax transmissions allegedly received by Plaintiff in violation of that statute. *Brill v. Countrywide Home Loans, Inc.* 427 F.3d 446, 450-1 (7th Cir. 2005).

     5.     Plaintiff also asserts claims of common law conversion and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, both of which are so related to the 47 USC § 227 claim that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

     6.     In accordance with 28 U.S.C. §1446(a), Defendant Humana states that the following documents constitute all the process, pleadings and orders served upon Defendant Humana:

     A.     Summons;
     B.     Class Action Complaint; and
     C.     Plaintiff's Motion for Class Certification.

True and correct copies of the aforementioned documents are attached hereto and made a part hereof as Exhibits A, B, and C, respectively.

     7.     A true and correct copy of this Notice of Removal shall be filed with the Clerk of the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, in accordance with 28 U.S.C. §1446(d).

**DATED:**     August 25, 2008.

          Respectfully submitted,

          **HUMANA, INC.**

     By:     s/William A. Chittenden, III
          One of its Attorneys

William A. Chittenden III
Vittorio F. Terrizzi
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street     Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\HU832\41238 Brodsky\PLDGS\notice of removal - fed.doc

# EXHIBIT A

*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

(Name all parties)

Lawrence S. Brodsky, individually, and

as the representative of a class of

similarly-situated persons

Plaintiff(s)

vs.

HUMANA INC.

Case Number _____ *O F L A 2 8 9*

Amount Claimed $ _____

Defendant(s)

SERVE:  Humana Inc. c/o
CSC — Lawyers Incorporating Service
Company (Reg.Agent)    421 West Main St
                       Frankfort, KY
                       40601

# SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS  JUL 2 3 2008 _____ 20____

*Vernon W. Kays, Jr*

Clerk of the Circuit Court

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name  Anderson + Wanca

Attorney for  Plaintiff

Address  3701 Algonquin Rd. #760

City, State Zip  Rolling Meadows, IL 60008

Telephone  847/368-1500

Prepared by  Brian J. Wanca

Attorney for  Plaintiff

Attorney Registration No.  3126474

# EXHIBIT B

FILED

JUL 2 3 2008

VERNON W. KAYS, JR.
McHENRY CTY. CIR. CLK.

## IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
## McHENRY COUNTY, ILLINOIS

LAWRENCE S. BRODSKY, individually and as the )
representative of a class of similarly-situated persons, )
                                 )
               Plaintiff, )
                                 )
           v. )          *08LA289*
                                 )
HUMANA INC., )
                                 )
               Defendant. )

### CLASS ACTION COMPLAINT

       Plaintiff, LAWRENCE S. BRODSKY ("Plaintiff"), brings this action on behalf of

himself and all other persons similarly situated, through his attorneys, and except as to those

allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendant, HUMANA

INC. ("Defendant"):

### PRELIMINARY STATEMENT

    1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

    2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

    3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

NOTICE
BY LOCAL RULE 3.10
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM _201_ ON
_December 3_ 20_08_, AT _9:00_ AM PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in McHenry County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff lives in McHenry County, Illinois.

10.    On information and belief, Defendant, HUMANA INC., is a Delaware corporation with its principal place of business in Louisville, Kentucky.

## FACTS

11.    On or about May 4, 2008 Defendant faxed two advertisements to Plaintiff. Copies of the facsimile are attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

3

(ii)    Whether Defendant's facsimiles advertised the commercial

availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining

the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to

statutory damages;

(vii)    Whether Defendant should be enjoined from faxing advertisements

in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff's counsel are experienced in handling class actions and claims involving

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse

or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of each individual class member in controlling the prosecution of

separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or

other device to send an unsolicited advertisement to a telephone facsimile machine...." 47

U.S.C. § 227(b)(1).

4

21. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) Both such actions.

23. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services and that Plaintiff and the other class members did not have an established business relationship with Defendant.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, HUMANA INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

6

## COUNT II
## CONVERSION

29.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.   A class action is proper in that:

(a)   On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)   Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)   Whether Defendant committed the tort of conversion.

32.   Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, HUMANA INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

All persons in Illinois who (1) on or after a date three years prior to
the filing of this action, (2) were sent telephone facsimile messages
of material advertising the commercial availability of any property,
goods, or services by or on behalf of Defendant, (3) with respect to
whom Defendant cannot provide evidence of prior express
permission or invitation for the sending of such faxes, and (4) with
whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)    There are questions of fact or law common to the class predominating over

all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)    The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed

advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an

unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited

fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff has retained counsel who are experienced in handling class actions and

10

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

11

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, HUMANA INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

LAWRENCE S. BRODSKY, individually and as the representative of a class of similarly-situated persons

By: _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone: 847/368-1500
ARDC #3126474

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL  60602
Telephone: 312/658-5500

12

**EXHIBIT A**

 

Fax Server          5/14/2008 8:48:21 PM    PAGE   1/001    Fax Server

## Enhance your clients' benefits with dental and vision

# One quote. One application. One enrollment. One bill.

Help your clients choose the dental and vision plan with the level of benefits that's best for their employees at little additional cost. We've made it even easier for them and you to do business with us, providing a single source for a quote, application, enrollment and bill.

✳

Sell HumanaDental and HumanaVision plans and earn credits towards Humana's Leaders Club trip to Maui in 2009.

**Materials to help you promote the new product offerings include:**
- Flyer to share with clients or prospects (form number: GN-51517-PY)
- Dental brochure
- Vision brochure

To order log in to the secured agent section of Humana.com. Select "Marketing & Products," then "Dental, vision and life."

## Our portfolio of specialty benefits products now include:

> Cost-effective DHMO products that focus on preventive care:
  - No waiting periods
  - No annual maximum
  - No claims to file
  - Available for your clients with two or more employees, or 10 or more if they want to include orthodontic coverage

> Advantage Plus dental plans:
  - Use the HumanaDental Advantage Plus Network
  - Members can see any dentist in the network
  - Adult and child orthodontia included in most plans
  - Available to groups with as few as 10 enrolled, or two enrolled if orthodontia is not included

> HumanaVision VCP options:
  - Have multiple copayments and allowances
  - Available to groups with 10 or more enrolled employees; with 2 - 9 enrolled employees when sold with a Humana medical or dental plan

**Call your Humana Specialty Benefits sales executive for details.**

# HUMANA.
*Specialty Benefits*

If you don't want us to contact you by fax, please call 1-800-U-CAN-ASK.

GN-FAX 4/08

Fax Server          5/14/2008 8:48:42 PM    PAGE    1/001    Fax Server

**Enhance your clients' benefits with dental and vision**

# One quote. One application. One enrollment. One bill.

Help your clients choose the dental and vision plan with the level of benefits that's best for their employees at little additional cost. We've made it even easier for them and you to do business with us, providing a single source for a quote, application, enrollment and bill.

✳

Sell HumanaDental and HumanaVision plans and earn credits towards Humana's Leaders Club trip to Maui in 2009.

Materials to help you promote the new product offerings include:
- Flyer to share with clients or prospects (form number: GN-51517-FY)
- Dental brochure
- Vision brochure

To order log in to the secured agent section of Humana.com. Select "Marketing & Products," then "Dental, vision and life."

## Our portfolio of specialty benefits products now include:

> Cost-effective DHMO products that focus on preventive care:
  - No waiting periods
  - No annual maximum
  - No claims to file
  - Available for your clients with two or more employees, or 10 or more if they want to include orthodontic coverage

> Advantage Plus dental plans:
  - Use the HumanaDental Advantage Plus Network
  - Members can see any dentist in the network
  - Adult and child orthodontia included in most plans
  - Available to groups with as few as 10 enrolled, or two enrolled if orthodontia is not included

> HumanaVision VCP options:
  - Have multiple copayments and allowances
  - Available to groups with 10 or more enrolled employees, with 2 – 9 enrolled employees when sold with a Humana medical or dental plan

**Call your Humana Specialty Benefits sales executive for details.**

## HUMANA.
*Specialty Benefits*

If you don't want us to contact you by fax, please call 1-800-U-CAN-ASK.          GN-FAX 4/08

# EXHIBIT C

FILED

JUL 2 3 2008
VERNON W. KAYS, JR.
McHENRY CTY. CIR. CLK.

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

LAWRENCE S. BRODSKY, individually and as the )
representative of a class of similarly-situated persons, )
                                                        )
                          Plaintiff,                    )
                                                        )     08 LA 289
              v.                                         )
                                                        )
HUMANA INC.,                                            )
                                                        )
                          Defendant.                    )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, LAWRENCE S. BRODSKY, by his attorneys, Anderson + Wanca and Bock &

Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, LAWRENCE S. BRODSKY, prays that this court enter an

order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

LAWRENCE S. BRODSKY, individually, and as
the representative for a class of similarly-situated
persons

By: _____

One of the Attorneys for Plaintiff

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle St., #1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847/368-1500                 Telephone: 312/658-5500
Fax: 847/368-1501
ARDC #3126474

2