IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE S. BRODSKY,<br>        Plaintiff,<br><br>vs.<br><br>HUMANA, INC.,<br>        Defendant. | Case No. 08 C 50188<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint on July 23, 2008 on behalf of himself and other persons similarly situated alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Specifically, Plaintiff alleges that he and at least 39 other potential class members received unsolicited advertisements from Defendant through their fax machines.

On December 18, 2008, Plaintiff propounded his first set of document requests. Plaintiff sought responsive documents dating from July 23, 2004 to present, a time period termed the "Relevant Time Period." Defendant objected to request numbers 1, 9–15, 17, 19–24, 28, 40–43 and 56, stating that each was "overly broad, vague, ambiguous, unduly burdensome and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." (Pl.'s Mot. Ex. C.)

Plaintiff filed a motion to compel production of documents responsive to these requests

1

on April 30, 2009. Defendant produced the affidavit of Lori Cooper, Litigation Manager of Defendant, who testified as to the burden Defendant would incur if required to respond to the requests. (Def.'s Resp. Ex. A.) On May 22, 2009, Plaintiff deposed Cooper regarding her affidavit. (Pl.'s Reply Ex. A.)

> Rule 34 states the following:
>
> A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

*Fed. R. Civ. P.* 34(a)(1)(A). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P.* 26(b). The court, for good cause, "may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the burden or expense of the proposed discovery outweighs its likely benefit[.]" *Fed. R. Civ. P.* 26(b)(2)(C)(iii).

Document Request Number 1 seeks, "Each different form of any document which promotes, advertises, announces, or solicits any property, goods, or services of Defendant which was sent by facsimile transmission during the Relevant Time Period." The documents sought relate to who would be potential class members. Defendant has produced one document. (*See*

2

Pl.'s Mot. Ex. C.) According to Defendant's affiant, further production of any documents responsive to this request would take about 40 hours. (Cooper Dep. 11:15, May 22, 2009.) Balancing the need of the documents with the burden, the magistrate judge grants Plaintiff's motion to compel these documents.

Document Request Number 9 seeks, "All documents identifying any other entity that sent any facsimile transmissions of any document, by or on behalf of Defendant, to 847-991-0152 during the Relevant Time Period." The number 847-991-0152 is Plaintiff's fax number, to which Defendant sent the allegedly unsolicited faxes. This request is relevant to Plaintiff's individual and class lawsuits. But, production would take about "26 man days." (*Id*. 13:15.) There are less burdensome methods to identify other entities that sent faxes to Plaintiff on Defendant's behalf. Plaintiff's motion to compel production of these documents is denied.

Document Request Numbers 10–15 seek information relevant to determining whether Defendant used or contracted with a third party for fax broadcasting services. These document requests are relevant to identifying potential class members. Apparently, Defendant did not use or contract with a third party. (*Id*. 18:14–15.) If Defendant does not have materials responsive to this request in its possession, custody, or control, it should so state. Defendant must respond to these document requests.

Document Request Number 17 seeks, "All telephone records which identify individual telephone calls for the telephone lines used to send facsimile transmissions by or on behalf of Defendant to phone number 847-991-0152 during the Relevant Time Period." The records sought are relevant to Plaintiff's individual and class claims. This information can lead to the discovery of other telephone numbers to which Defendant may have sent unsolicited faxes. Having this will benefit the case's progression as parties prepare for a motion to certify the

purported class.  Producing these documents would take about "26 man days."  (*Id*. 21:2.)  The court does not know of a less burdensome way to get this information.  The court grants Plaintiff's motion to compel these documents.

Document Request Number 19 asks for "a mirror image of each hard drive of each device used [to] send facsimile transmissions of any document identified in Request Number 1 during the Relevant Time Period."  This document request is overly broad and would produce information not relevant.  Further, production would take Defendant about six weeks and would cost Defendant about $25,000.  (*Id*. 33:1–6.)  The burden and cost outweigh the likely benefit of this document request.  The court denies Plaintiff's motion to compel production of these documents without prejudice.

Document Request Number 20 seeks, "All documents that contain, refer to, set forth, or explain Defendant's policy or practice of obtaining prior express permission or invitation to send any document identified in Request Number 1 via facsimile to any person."  Based on the volume of electronic and paper data that would have to be inspected to comply with this request, production would take about two years and would cost about $80,000.  (*Id*. 22:9, 22:25–23:8.) This burden outweighs the likely benefit, and the court denies Plaintiff's motion to compel these documents without prejudice.

Document Request Number 21 seeks, "All documents that contain, refer to, set forth, or explain Defendant's policies or practices regarding the transmission of any document identified in Request Number 1 via facsimile."  The policies and practices under which Defendant operates regarding transmission of potentially unsolicited faxes are relevant to Plaintiff's individual and class claims.  Production would take about five hours and would cost about $235.  (*Id*. 23:23–24:3.)  The likely benefit outweighs the burden and cost to Defendant.  The court grants

Plaintiff's motion to compel these documents.

Document Request Number 22 seeks, "All documents that contain, refer to, set forth, or explain Defendant's policies or practices regarding the sending of any advertising or promotional material via facsimile." This information is relevant to Plaintiff's claims. Production would take about five hours and would cost about $235. (*Id*. 24:22–25:2.) The likely benefit outweighs the burden and cost to Defendant. The court grants Plaintiff's motion to compel these documents.

Document Request Number 23 seeks, "All documents that contain, refer to, set forth, or explain Defendant's policies or practices about maintaining a log or record showing any form of permission or invitation from any person to receive any document identified in Request Number 1 via facsimile." This information may be relevant to Plaintiff's claims. However, the volume of documents which Defendant would have to inspect to respond to this request is large. It would take Defendant about two years to do so, and would cost Defendant about $80,000. (*Id*. 25:11–15.) At this time, the likely benefit to Plaintiff's claims is outweighed by the burden and cost to which Defendant would be subjected when responding to this request. The court denies this request.

Document Request Number 24 seeks, "All documents that contain, refer to, set forth or explain Defendant's policies or practices about maintaining a log or record showing an [*sic*] [established business relationship] exists between Defendant and any person, and the date and manner such [established business relationship] was formed." This document request is overly broad because many responsive documents are not relevant to Plaintiff's claims. Also, responding to this document request would require someone to look through a large number of old contract agreements that exist in both paper and electronic form. Responding would take about two years and would cost Defendant about $80,000. (*Id*. 26:10–14.) This burden and cost

outweigh the likely benefit to Plaintiff. The court denies this discovery request.

Document Request Number 28 seeks, "All documents that identify persons involved in creating any facsimile transmissions sent to 847-991-0152." The information sought is relevant to Plaintiff's individual claims. The court is less sure that the information will lead to relevant information regarding Plaintiff's class claims. Defendant estimated that it would take about 160 hours to comply with this request, and would cost about $7200. (*Id.* 27:17–24.) There are less burdensome ways to obtain the information relevant to Plaintiff's class claims. The court denies this document request without prejudice.

Document Request Number 40 seeks, "All documents which set forth or describe Defendant's document destruction and retention policies which were developed in, or which were used at any time during, the Relevant Time Period." This document request seeks relevant information. It would take Defendant about three hours to produce these documents. (*Id.* 28:17.) The likely benefit outweighs the burden to Defendant. The court grants Plaintiff's motion to compel these documents.

Document Request Number 41 seeks, "All documents containing communications with any person or entity, other than your attorney, regarding any complaint or objection regarding advertisements sent by facsimile." This information is highly relevant to Plaintiff's class claims. Having the complaints and objections lodged by recipients of advertisements sent by fax would enable Plaintiff to locate potential class members. It would take about one month to respond to this discovery request. (*Id.* 29:13–14.) The likely benefit of this information outweighs the burden to Defendant. The court grants Plaintiff's motion to compel these documents.

Document Request Number 42 seeks, "All lawsuits, letters of inquiry, notices, or other forms of complaints filed against Defendant or received by Defendant attempting to allege a

violation of the Telephone Consumer Protection Act." This information is relevant to Plaintiff's class claims. It would help Plaintiff locate potential class members and narrow claims. It is unclear what exactly the burden is to Defendant to produce these documents. One department stated it would take nine months to a year and cost about $20,000. (*Id*. 30:13; 31:22.) A second department, which "handles different types of complaints," stated that it would take about 180 hours and would cost about $3500. (*Id*. 30:19–20; 31:24.) It appears to the court that production of all the documents responsive to the request might require production from both departments. If that is true, production would take at least a year and would cost in excess of $20,000. That burden and cost outweigh the likely benefit that Plaintiff would receive from the production. The court denies Plaintiff's motion to compel these documents without prejudice.

Document Request Number 43 seeks, "The computer(s) and software utilized to send facsimile transmissions of any document identified in Request Number 1 during the Relevant Time Period." This document request is vague. It appears that Plaintiff wants the actual computers and software that were used to send the faxes. It would take Defendant six months to a year to produce these materials, and would cost Defendant an estimated $2.4 million. (*Id*. 34:9–14.) The burden and cost outweigh the likely benefit of these materials to Plaintiff. The court denies Plaintiff's motion to compel this production request without prejudice.

Finally, Document Request Number 56 seeks, "A copy of all customer lists used during any portion of the Relevant Time Period." This information is relevant to Plaintiff's class claims. It would take Defendant about 120 hours to produce these documents, and would cost Defendant about $5640. (*Id*. 32:13–19.) The likely benefit to Plaintiff's claims outweighs the burden on Defendant to produce. The court grants Plaintiff's motion to compel these documents.

According to the above opinion, the court grants in part Plaintiff's motion to compel.

Defendant is instructed to produce the documents sought in Document Request Numbers 1, 10–15, 21, 22, and 40 by July 17, 2009. Defendant is instructed to produce the documents sought in Document Request Number 56 by August 4, 2009. Defendant is instructed to produce the documents sought in Document Request Number 41 by August 11, 2009. Defendant is instructed to produce the documents sought in Document Request Number 17 by August 25, 2009. Plaintiff's motion to compel the documents sought in Document Requests 9, 19, 20, 23, 24, 28, 42, and 43 is denied as stated in this opinion.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: July 8, 2009